OFFICE OF THE CLERK
# WISCONSIN COURT OF APPEALS
110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WISCONSIN 53701-1688
Telephone (608) 266-1880
TTY: (800) 947-3529
Facsimile (608) 267-0640
Web Site: www.wicourts.gov



## DISTRICT III

October 29, 2024

*To*:

Hon. John P. Zakowski
Circuit Court Judge
Electronic Notice

John VanderLeest
Clerk of Circuit Court
Brown County Courthouse
Electronic Notice

Angela Conrad Kachelski
Electronic Notice

Jennifer L. Vandermeuse
Electronic Notice

Jeffrey Alan Deprey 664120
Stanley Correctional Inst.
100 Corrections Dr.
Stanley, WI 54768

You are hereby notified that the Court has entered the following opinion and order:

 

2023AP808-CRNM        State of Wisconsin v. Jeffrey Alan Deprey
                                          (L.C. No. 2020CF205)

Before Stark, P.J., Hruz and Gill, JJ.

**Summary disposition orders may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

Counsel for Jeffrey Deprey has filed a no-merit report concluding that no grounds exist to challenge Deprey's conviction for repeated sexual assault of the same child, with at least three first-degree sexual assault violations, contrary to WIS. STAT. § 948.025(1)(d) (2021-22).[1] Deprey was informed of his right to file a response to the no-merit report, and he has not responded. Upon our independent review of the record as mandated by *Anders v. California*, 386 U.S. 738

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

(1967), we conclude there is no arguable merit to any issue that could be raised on appeal. Therefore, we summarily affirm the judgment of conviction. *See* WIS. STAT. RULE 809.21.

The State alleged that, between September 7, 2007, and September 6, 2015, Deprey sexually assaulted Debra[2] on at least three occasions when she was between four and twelve years old. During a pretrial hearing, Deprey's counsel made an oral motion to dismiss the complaint on the ground that a lack of specificity in the charging document precluded Deprey from preparing a defense. Defense counsel later informed the circuit court that he had researched the charging issue and that after discussing the matter with Deprey, he decided to withdraw the oral motion.

Defense counsel subsequently questioned Deprey's competency to proceed, and the circuit court granted defense counsel's request for a competency examination. An examining psychologist submitted a report opining, to a reasonable degree of professional certainty, that Deprey did not lack the substantial mental capacity to understand the proceedings and to assist in his own defense. After a hearing at which Deprey "asserted his competence" and asked the court to accept the examiner's report in lieu of testimony, the court found Deprey competent to proceed.

In exchange for Deprey's no-contest plea to the crime charged, the State agreed to cap its sentence recommendation at thirty-six months of initial confinement followed by thirty-six months of extended supervision. Out of a maximum possible sixty-year sentence, the circuit

---

[2] Pursuant to the policy underlying WIS. STAT. RULE 809.86(4), we use a pseudonym instead of the victim's name.

court imposed a fifteen-year term, consisting of six years of initial confinement followed by nine years of extended supervision.

The no-merit report addresses whether there are any grounds to challenge the specificity of the complaint or trial counsel's withdrawal of the motion to dismiss the complaint. The no-merit report also addresses whether there are any grounds to challenge: the circuit court's competency determination; whether Deprey knowingly, intelligently, and voluntarily entered his no-contest plea; whether there was an adequate factual basis for the plea; and whether the court erroneously exercised its sentencing discretion. Upon reviewing the record, we agree with counsel's analysis and conclusion that there is no arguable merit to any of these issues.

With specific respect to the sentencing hearing, the no-merit report notes that Deprey appeared by videoconference. The record shows that Deprey waived the right to personally appear at the sentencing hearing following a colloquy with the circuit court. *See **State v. Soto***, 2012 WI 93, ¶¶46-49, 343 Wis. 2d 43, 817 N.W.2d 848. Any challenge to that proceeding based on Deprey's appearance by videoconference would therefore lack arguable merit. The no-merit report otherwise sets forth an adequate discussion of the potential issues to support the no-merit conclusion, and we need not address them further.

Our independent review of the record discloses no other potential issue for appeal.

Therefore,

IT IS ORDERED that the judgment is summarily affirmed. WIS. STAT. RULE 809.21.

IT IS FURTHER ORDERED that Attorney Angela Conrad Kachelski is relieved of her obligation to further represent Jeffrey Deprey in this matter. *See* WIS. STAT. RULE 809.32(3).

3

IT IS FURTHER ORDERED that this summary disposition order will not be published.

---

*Samuel A. Christensen*
*Clerk of Court of Appeals*