STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Kelly K. KOOPMANS, Defendant-Appellant.

Supreme Court

*Nos. 94–2424–CR, 94–3146–CR, 95–1402–CR. Oral argument January 29, 1997.—Decided June 13, 1997.*

(Also reported in 563 N.W.2d 528.)

For the plaintiff-respondent-petitioner the cause was argued by *Thomas J. Balistreri*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

For the defendant-appellant there was a brief by *Suzanne Hagopian*, assistant state public defender and oral argument by *Mary E. Waitrovich*, state public defender.

¶ 1.  JON P. WILCOX, J.   This case is before this court on petition for review filed by the State of Wisconsin. The State seeks review of a published opinion of

the court of appeals, *State v. Koopmans*, 202 Wis. 2d 386, 550 N.W.2d 715 (Ct. App. 1996). The Circuit Court for Walworth County, James L. Carlson, Judge, denied a postconviction motion seeking resentencing filed by the defendant, Kelly K. Koopmans. The court of appeals affirmed in part and reversed in part the decision of the circuit court. We affirm the decision of the court of appeals and remand for a new sentencing hearing.

¶ 2.     On review, we consider whether a defendant may waive his or her statutory right pursuant to Wis. Stat. § 971.04(1) (1995–96)[1] to be present at sentencing

---

[1] Unless otherwise stated, all future statutory references are to the 1995–96 volume. Wis. Stat. § 971.04 provides:

**Defendant to be present. (1)** Except as provided in subs. (2) and (3), the defendant shall be present:

(a)   At the arraignment;

(b)   At trial;

(c)   At all proceedings when the jury is being selected;

(d)   At any evidentiary hearing;

(e)   At any view by the jury;

(f)   When the jury returns its verdict;

(g)   At the pronouncement of judgment and the imposition of sentence;

(h)   At any other proceeding when ordered by the court.

**(2)**   A defendant charged with a misdemeanor may authorize his or her attorney in writing to act on his or her behalf in any manner, with leave of the court, and be excused from attendance at any or all proceedings.

**(3)**   If the defendant is present at the beginning of the trial and thereafter, during the progress of the trial or before the verdict of the jury has been returned into court, voluntarily absents himself or herself from the presence of the court without leave of the court, the trial or return of verdict of the jury in the case shall not thereby be postponed or delayed, but the trial or submission of said case to the jury for verdict and the return of verdict thereon, if required,

by knowingly and voluntarily being absent from the proceeding. We hold that a defendant may not waive his or her statutory right to be present at sentencing even if the waiver is made knowingly and voluntarily.

¶ 3. The relevant facts are undisputed. Koopmans was charged with one count of intentional child abuse and one count of reckless child abuse. The charges arose from a doctor's discovery of fractures in the bones of one of her daughter's legs and one of her arms. After a six-day jury trial, Koopmans was convicted on both counts. The circuit court ordered that Koopmans "remain free on bond subject to its conditions" and set a date for sentencing. The court set January 24, 1994, for sentencing and ordered Koopmans to appear personally.

¶ 4. On the date originally set for sentencing, Koopmans did not appear and the sentencing was adjourned until March 11, 1994. On March 11, Koopmans again did not appear. The court, concluding that a defendant could knowingly and voluntarily waive his or her right to be present at sentencing, took testimony to determine whether Koopmans had knowingly and voluntarily waived that right. The testimony revealed that Koopmans had told her mother that she was leav-

---

shall proceed in all respects as though the defendant were present in court at all times. A defendant need not be present at the pronouncement or entry of an order granting or denying relief under s. 974.02 or 974.06. If the defendant is not present, the time for appeal from any order under ss. 974.02 and 974.06 shall commence after a copy has been served upon the attorney representing the defendant, or upon the defendant if he or she appeared without counsel. Service of such an order shall be complete upon mailing. A defendant appearing without counsel shall supply the court with his or her current mailing address. If the defendant fails to supply the court with a current and accurate mailing address, failure to receive a copy of the order granting or denying relief shall not be a ground for tolling the time in which an appeal must be taken.

673

ing for Minneapolis, that Koopmans had planned to take her daughter and travel to Belize to meet her new boyfriend, and that a co-worker had driven Koopmans to the Milwaukee airport on January 14, 1994. After the testimony was taken, Koopmans' attorney stipulated that Koopmans was a fugitive, and that her absence from the sentencing was voluntary. The circuit court concluded that Koopmans was voluntarily absent and sentenced her in absentia. The circuit court stayed imposition of the sentence for 30 days, promising resentencing if Koopmans should return within that time. Koopmans, however, did not appear within the 30 days.

¶ 5. A federal warrant was issued for Koopmans' arrest and she was apprehended in Belize. Upon her return, Koopmans filed a post-conviction motion seeking resentencing on the ground that the circuit court erred in sentencing her in absentia, and that she had a right to be present at sentencing under Wis. Stat. § 971.04. At the hearing on the motion, Koopmans' attorney argued that the statutory right to be present at sentencing under § 971.04 could not be waived. The circuit court denied the motion for resentencing. Koopmans appealed, and the court of appeals affirmed Koopmans' convictions, but reversed the ruling of the circuit court regarding sentencing and remanded for a new sentencing hearing.

¶ 6. The court of appeals held that Wis. Stat. § 971.04 requires a defendant's presence at sentencing. The court concluded that "shall" as used in § 971.04(1) is mandatory and that § 971.04(3) sets forth with exclusivity the proceedings that may be conducted when the defendant is voluntarily absent. The court of appeals stated:

Thus, Wisconsin law does not merely require that a defendant be personally present at sentencing. Were that the case, we perhaps could be persuaded that such [a] right can be waived. But our legislature has gone further. By the language of § 971.04(3), STATS., the legislature has expressly detailed which proceedings may go forth in the face of the defendant's voluntary absence. These include the completion of the trial and receipt of the jury's verdict. But at that point, the statute stops and no further proceedings are authorized. It would have been a simple matter for the legislature to authorize further proceedings had it so desired. It did not.

*Koopmans*, 202 Wis. 2d at 399. The State petitioned for review on the sentencing portion of the court of appeals decision and we granted review on July 29, 1996.

¶ 7.    The State contends that the court of appeals' decision should be reversed because Wis. Stat. § 971.04 allows a defendant to knowingly and voluntarily waive the right to be present at sentencing. As a basis for this contention, the State asserts that "shall" as used in § 971.04(1) is directory rather than mandatory, and that § 971.04(3) provides an increased measure of protection for the right to be present at trial over the right to be present at the other proceedings specified in § 971.04(1).

¶ 8.    Whether a defendant may waive the right to be present at sentencing by knowingly and voluntarily absenting himself or herself from the proceeding is dependent upon whether Wis. Stat. § 971.04 authorizes a circuit court to proceed with sentencing in the defendants absence. Accordingly, our first duty is to interpret § 971.04(1). Statutory interpretation and the application of a statute are questions of law that this court reviews *de novo*. *Wagner Mobile, Inc. v. City of*

*Madison*, 190 Wis. 2d 585, 591–92, 527 N.W.2d 301 (1995); *Braatz v. LIRC*, 174 Wis. 2d 286, 293, 496 N.W.2d 597 (1993). Accordingly, we owe no deference to the decisions of the circuit court and court of appeals. *Colby v. Columbia County*, 202 Wis. 2d 342, 349, 550 N.W.2d 124 (1996).

¶ 9.  The purpose of statutory interpretation is to discern the intent of the legislature. *Doe v. American Nat. Red Cross*, 176 Wis. 2d 610, 616, 500 N.W.2d 264 (1993). In determining this intent, the court must first look at the language of the statute. *Kelley Co., Inc. v. Marquardt*, 172 Wis. 2d 234, 247, 493 N.W.2d 68 (1992). If the language of the statute clearly and unambiguously sets forth the legislative intent, it is the duty of the court to apply that intent to the case at hand and not look beyond the statutory language to ascertain the statute's meaning. *Id.*

¶ 10.  We first consider the meaning of "shall" in Wis. Stat. § 971.04(1). Section 971.04(1) states:

**Defendant to be Present. (1)** Except as provided in subs. (2) and (3), the defendant shall be present:

(a) At the arraignment;

(b) At trial;

(c) At all proceedings when the jury is being selected;

(d) At any evidentiary hearing;

(e) At any view by the jury;

(f) When the jury returns its verdict;

(g) At the pronouncement of judgment and the imposition of sentence;

(h)   At any other proceeding when ordered by the court.

A plain reading of the statute suggests that so long as subsections (2) and (3) do not apply, a defendant must be present at the listed proceedings which include the imposition of sentence. However, such an interpretation is based on the assumption that "shall" is mandatory.

■

¶ 11.   The word "shall," when used in a statute, is presumed to be mandatory unless another construction is necessary to carry out the clear intent of the legislature. *In Interest of C.A.K.*, 154 Wis. 2d 612, 621, 453 N.W.2d 897 (1990). If other language in the statute makes clear that "shall" was intended to be mandatory, we must apply that intent and not look beyond the statutory language. *See Kelley*, 172 Wis. at 247.[2] Accordingly, in attempting to ascertain the intent of the legislature we first examine subsection (2) and (3) of Wis. Stat. § 971.04.

¶ 12.   Subsection (2) permits a defendant charged with a misdemeanor to be excused from attending any or all proceedings and to authorize an attorney to act on his or her behalf. Although this subsection is not applicable in this case because Koopmans was charged with a felony, the mere fact that such an exception exists suggests that subsection (1) is mandatory. If

---

[2] This court has previously found statutes containing the word "shall" to be unambiguous. In *Swatek v. County of Dane*, 192 Wis. 2d 47, 531 N.W.2d 45 (1995), we examined a statute that provided in part: "the sheriff or other keeper of the jail shall provide appropriate care or treatment . . ." *Id.* at 58. This court concluded that "[t]he legislature made the requirement mandatory by utilizing the words 'shall provide.'" *Id.*; *see also State v. Speer*, 176 Wis. 2d 1101, 1122, 501 N.W.2d 429 (1993).

"shall" was intended to be directory it would essentially mean that a defendant should be present at the listed proceedings but that the defendant's presence would not be necessary. If this were the meaning of subsection (1), there would be no need to create an exception to provide that a defendant charged with a misdemeanor need not be present at court proceedings. A directory construction of subsection (1) would render subsection (2) superfluous, a result to be avoided. *See State v. Petty*, 201 Wis. 2d 337, 355, 548 N.W.2d 817 (1996); *Ann M.M. v. Rob S.*, 176 Wis. 2d 673, 680, 500 N.W.2d 649 (1993).

¶ 13.  The last subsection, Wis. Stat. § 971.04(3), provides another exception to the general rule set forth in subsection (1). Subsection (3) provides in relevant part:

> **(3)** If the defendant is present at the beginning of the trial and thereafter, during the progress of the trial or before the verdict of the jury has been returned into court, voluntarily absents himself or herself from the presence of the court without leave of the court, the trial or return of verdict of the jury in the case shall not thereby be postponed or delayed, but the trial or submission of said case to the jury for verdict and the return of verdict thereon, if required, shall proceed in all respects as though the defendant were present in court at all times.

This subsection allows a trial to continue when the defendant voluntarily absents himself or herself. However, the application of this subsection is specifically limited to trial and the return of verdict and only applies when the defendant is present at the beginning of trial. The court of appeals has held that subsection (3) does not apply when a defendant voluntarily

absents himself or herself during jury selection and thus before the beginning of trial. *State v. Dwyer*, 181 Wis. 2d 826, 836–37, 512 N.W.2d 233 (Ct. App. 1994); *see also State v. Miller*, 197 Wis. 2d 518, 521–22, 541 N.W.2d 153 (Ct. App. 1995). Similarly, subsection (3) can not be read to allow a circuit court to proceed with sentencing in a defendant's absence, because sentencing occurs after the return of verdict.

¶ 14.   Considering the statute as a whole we conclude that the legislature intended "shall" to be mandatory. If the legislature had intended subsection (1) of Wis. Stat. § 971.04 to allow a defendant to voluntarily absent himself or herself from any proceeding, it would not have created the exceptions in subsections (2) and (3) that allow a circuit court to conduct some proceedings in the defendant's absence under certain conditions. A directory interpretation of subsection (1) renders much of subsections (2) and (3) meaningless and is contrary to the plain language of the statute. Accordingly, we must conclude that "shall" as used in § 971.04(1) is mandatory; as "shall" is mandatory, a defendant in a felony case must be present at sentencing.[3]

¶ 15.   In this case, Koopmans was present at trial, but did not appear on the date set for sentencing. When the defendant did not appear, the circuit court set a second date for sentencing. The defendant also did not appear on that date. Koopmans' attorney stipulated that Koopmans was a fugitive and her absence from sentencing was voluntary. The circuit court then sentenced Koopmans in her absence. We believe that the

[3] We note that the delay in sentencing will enable the circuit court to consider all information concerning the defendant. *See State v. Carter*, 208 Wis. 2d 142, 560 N.W.2d 256 (1997).

circuit court proceeded carefully and reasonably in attempting to resolve the situation. However, as we conclude that Wis. Stat. §.971.04(1) requires a defendant's presence at sentencing, we order that the sentence be vacated and the cause remanded to the circuit court for resentencing.

*By the Court.*—The decision of the court of appeals is affirmed.