STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael L. WASHINGTON, Defendant-Appellant.†

Court of Appeals

*No. 2016AP238–CR. Submitted on briefs November 10, 2016.*
*—Decided December 21, 2016*

2017 WI App 6

(Also reported in 890 N.W.2d 592.)

† Petition for Review filed.

214

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Andrew R. Hinkel*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Sarah L. Burgundy*, assistant attorney general, and *Brad D. Schimel*, attorney general.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

¶ 1. REILLY, P.J. Michael L. Washington appeals from his conviction for burglary and resisting an officer and a postconviction order denying his motion for a new trial.[1] Washington asserts that his convictions should be vacated and he should be granted a new trial as his absence from the entirety of his jury trial violated his statutory right to be present under WIS. STAT. § 971.04(1) (2013–14).[2] We affirm as Washington waived his statutory right to be present.

*Background*

¶ 2. Washington was charged with burglary and obstructing an officer, stemming from an incident on April 1, 2011, where Washington entered R.V.'s apart-

---

[1] Judge Wayne J. Marik presided over the jury trial in this case. Judges Allan B. Torhorst and David W. Paulson entered the amended judgment of conviction and the order denying the postconviction motion, respectively.

[2] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

ment in Racine. Washington was apprehended a short distance from R.V.'s apartment and had to be tased after failing to heed police instructions. Washington had two bags full of R.V.'s belongings.

¶ 3. Washington's first two appointed attorneys requested the court's permission to withdraw, citing "a break down in [the] relationship," an inability to "effectively prepare a defense for this case," and Washington's "[refusal] to acknowledge the evidence against him." When the second attorney withdrew, the trial court expressed its concern that Washington was engaging in a pattern of ignoring his attorneys' advice and the court would not allow another attorney to withdraw based on "difficulty in communication." Washington's third attorney also requested to withdraw. The trial court initially granted the request, but then rescinded it due to Washington's speedy trial demand. On the eve of trial, Washington's attorney again requested to withdraw, which the court refused as Washington's behavior was "an act of manipulation."

¶ 4. The next day, after the jury was chosen but before being sworn, trial counsel informed the court that she learned some new information that might be exculpatory of Washington. The court dismissed the jury and adjourned the trial. At the next hearing date, trial counsel again submitted a motion to withdraw, citing Washington's belief that counsel was not "adequately representing him." The trial court expressed its continued concern that "we have a pattern developing where no matter who is appointed to represent you if they don't tell you what you want to hear you're going to not get along with them and you're going to

ask them to withdraw. And I can see this going on indefinitely." The trial court denied the motion to withdraw.

¶ 5. At the beginning of the second scheduled trial, trial counsel told the court that Washington had been uncooperative: "[Washington] stated that I was not his attorney. And refused to speak to me about [the case]." Washington and the trial court then engaged in the following exchange:

THE COURT: Well, sir, we've been down this road so many times over and over and over.

DEFENDANT: And we can keep going over and over it again.

THE COURT: No, we're—

DEFENDANT: She's not representing me, man.

THE COURT: Sir, the matter is set for trial.

DEFENDANT: I don't know what it's set for, she ain't representing me.

THE COURT: All right, Mr. Washington?

DEFENDANT: I'm telling you she's not representing me, man.

THE COURT: Sir, will you let me speak. The matter is scheduled for a jury trial this afternoon. And it is going to be going forward as a jury trial. We have addressed this issue of who is your—

DEFENDANT: I said she's not representing me and we ain't going no trial now, I mean that.

THE COURT: Sir, we will go forward with the trial and if necessary you may have to be removed from the courtroom.

DEFENDANT: I'm gone. She's not representing me.

The trial court noted for the record that Washington "semi was removed and semi left on his own after the last outburst." The court continued, "[T]he real issue that has come up here is one of manipulation. I think Mr. Washington has been trying to manipulate this case in my opinion for a very long period of time."

¶ 6. The court cited *State v. Divanovic*, 200 Wis. 2d 210, 546 N.W.2d 501 (Ct. App. 1996), for the proposition that where a defendant is in custody and refuses to be brought into court the trial may proceed, but the court acknowledged that the case law suggested that Washington should be involuntarily brought into the courtroom with a warning that he will be removed if he becomes uncooperative. The court determined that based on Washington's behavior, "attempting to involuntarily bring Mr. Washington back into court would unduly jeopardize the safety of officers and perhaps even Mr. Washington since his aggressiveness and his attitude suggest that he may be physically resistant to being brought back in and that it could result in an altercation."

¶ 7. The trial proceeded without Washington. Washington refused several requests from the court inviting his return. Washington was found guilty on both charges. The trial court, with Washington present, imposed a sentence of ten years' imprisonment.

### Discussion

¶ 8. The issue presented is whether a defendant may waive his or her statutory right to be present at trial under WIS. STAT. § 971.04. We hold that a defendant may intentionally and voluntarily relinquish his

or her constitutional and statutory right to be present at trial.[3] Washington does not dispute that he waived his constitutional right to be present at trial, but argues that he cannot waive his statutory right to be present at trial.

¶ 9. WISCONSIN STAT. § 971.04(1) provides that a defendant must be present at various stages of a criminal proceeding, including voir dire of the jury, the trial itself, and when the jury returns its verdict. Sec. 971.04(1)(b), (c), (f). The statute provides, however, that a court may continue a trial when the defendant "voluntarily absents himself or herself from the presence of the court" without the court's permission. Section 971.04(3) provides:

> If the defendant is present at the beginning of the trial and thereafter, during the progress of the trial or before the verdict of the jury has been returned into court, voluntarily absents himself or herself from the presence of the court without leave of the court, the trial or return of verdict of the jury in the case shall not thereby be postponed or delayed, but the trial or submission of said case to the jury for verdict and the return of verdict thereon, if required, shall proceed in all respects as though the defendant were present in court at all times.

¶ 10. Washington argues that by statute he had to be "present at the beginning of trial," and as he was not present, his conviction must be vacated. Statutory interpretation and its application to a set of facts is a question of law we review independently, while benefitting from the circuit court's analysis. *State v. Soto,*

---

[3] A defendant has a constitutional and statutory right to be present at all stages of his or her trial. U.S. Const. amends. VI, XIV; Wis. Const. art. 1, § 7; WIS. STAT. § 971.04.

2012 WI 93, ¶ 14, 343 Wis. 2d 43, 817 N.W.2d 848. Whether a defendant's statements and actions in a criminal proceeding establish waiver of a statutory right is a question of law. *Id.*

*Washington Waived His Statutory Right*

¶ 11. Our supreme court, in *State v. Ndina*, 2009 WI 21, 315 Wis. 2d 653, 761 N.W.2d 612, distinguished the terms "forfeiture" and "waiver." *Id.*, ¶ 29. "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). Forfeiture requires a failure on the part of the defendant—a failure to claim a right or a failure to object. *Ndina*, 315 Wis. 2d 653, ¶ 30. Waiver, in contrast, is a knowing, affirmative relinquishment or abandonment of a known right. *Id.*, ¶ 31.

¶ 12. Washington does not dispute that a defendant may waive his constitutional right to be present during his trial. *See Divanovic*, 200 Wis. 2d at 220. Washington's implication is that while he may waive his constitutional right to be present at trial, the language of WIS. STAT. § 971.04(3) ("If the defendant is present at the beginning of the trial") is mandatory and may not be waived by a defendant. We disagree. A defendant in a criminal proceeding may waive the right to be present during the proceedings enumerated under § 971.04(1)(b), (c), and (f).

¶ 13. The federal courts have grappled with a related issue under Rule 43 of the Federal Rules of Criminal Procedure. WISCONSIN STAT. § 974.01(3) and Rule 43(c) are similar in that Rule 43(c) provides that

a defendant who is "initially present at trial . . . waives the right to be present" where the defendant is "voluntarily absent after the trial has begun" or where "the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior." Fed. R. Crim. P. 43(c)(1)(A), (C). The United States Supreme Court, in *Crosby v. United States*, 506 U.S. 255, 256 (1993), addressed Rule 43 under circumstances where the defendant absconded and did not appear on the date of trial. The Court determined that "Rule 43 . . . prohibits the trial *in absentia* of a defendant who is not present at the beginning of trial." *Id.* at 262 (alteration in original).

¶ 14. The Seventh Circuit Court of Appeals, in *United States v. Benabe*, 654 F.3d 753 (7th Cir. 2011), also addressed Rule 43(c), finding that the language "initially present at trial" means "the day that jury selection begins."[4] *Benabe*, 654 F.3d at 771–72. The Seventh Circuit distinguished *Crosby*, explaining that "[u]nlike the defendant in *Crosby*, who fled before trial commenced, these defendants did not flee or 'fail to appear.' . . . They were repeatedly warned that the trial would go forward without them unless they promised to behave, and they made a knowing and voluntary choice." *Id.* at 772. The court determined that "the purpose of Rule 43 certainly was served."

---

[4] Under the facts in *United States v. Benabe*, 654 F.3d 753, 772 (7th Cir. 2011), the defendants were removed from the courtroom for misconduct the day before trial. Although the court acknowledged that "it would have been better" if the court had brought the defendants to the courtroom to ask "if they wished to reconsider their choices not to attend," the court found that "failure to repeat once more on the first day of the trial the already-repeated process did not affect the defendants' substantial rights" under Rule 43. *Benabe*, 654 F.3d at 772.

*Benabe*, 654 F.3d at 773; *see also Cuoco v. United States*, 208 F.3d 27, 31–32 (2d Cir. 2000) (limiting *Crosby*'s holding to its facts); *Smith v. Mann*, 173 F.3d 73, 76 (2d Cir. 1999) (distinguishing *Crosby* in finding "that in some situations the requisite knowledge can be conclusively found even if the defendant is not present when the trial begins").

¶ 15. In this case, Washington knowingly and voluntarily abandoned his right under WIS. STAT. § 971.04 to be present during the trial proceedings. Washington did so after being present on the first day of trial—initially present at the beginning of the trial proceedings and on the day the jury selection began. After the trial court's ruling that the trial would continue without Washington present, the court ordered that Washington "should be periodically advised" regarding the status of the trial and Washington's counsel would be provided "reasonable opportunities to confer with [Washington]." The court further provided Washington with the opportunity to reclaim his right to be present, explaining that "we will make inquiries as to whether he wishes to come back to the courtroom with advice that he may if he is willing to control himself and to behave."

¶ 16. The record is clear that Washington knew of his rights and waived them on multiple occasions throughout the course of the trial. Counsel reported several times to the court that Washington expressed his intent not to be present: "I did have an opportunity to speak with Mr. Washington. He informed me he is not participating. I did explain to him the Court's ruling. He said he is not coming down to participate." Trial counsel told the court that she "explained to [Washington] that we are approaching the point where

he would have a constitutional right to testify on his own behalf. He stated he did not want to do that. That he understood he had a constitutional right to do that." Prior to the jury issuing its verdict, the court had an officer contact Washington once again to see if he would like to be present, and the court explained that "he has indicated very emphatically to personnel which was heard over the telephone by someone from this courtroom that he is not, does not wish to come down."

¶ 17. Washington argues that our holding in *State v. Dwyer*, 181 Wis. 2d 826, 832, 512 N.W.2d 233 (Ct. App. 1994), supports his position. In *Dwyer*, on the second day of jury selection and before the jury had been sworn, Dwyer requested a new attorney. *Id.* at 832. The court denied Dwyer's request, and in response, Dwyer left (she was not in custody) and did not return to court. *Id.* The trial court determined it had the authority to try Dwyer in absentia. *Id.* We disagreed, as being present during "the proceedings when the jury is being selected" does not qualify as being "present at the beginning of the trial" under the WIS. STAT. § 971.04(3) exception. *Dwyer*, 181 Wis. 2d at 836–37.

¶ 18. *Dwyer* is distinguished by the fact that Dwyer's act of leaving was a forfeiture rather than a waiver of her right to be present.[5] Dwyer did not make an affirmative intentional and voluntary relinquishment of her right to be present at trial; she engaged in avoidance, whereas Washington made an express, affirmative, intentional choice not to be present. Washington waived rather than forfeited his constitutional and statutory rights under WIS. STAT. § 971.04.

[5] We also note that the other cases Washington cites in support, *State v. Koopmans*, 210 Wis. 2d 670, 563 N.W.2d 528 (1997), and *State v. Miller*, 197 Wis. 2d 518, 541 N.W.2d 153 (Ct. App 1995), are also forfeiture by absence cases.

¶ 19. We commend the trial court for the steps it took to ensure that the jurors were not unduly prejudiced by Washington's absence from the courtroom. The court explained to the jury that Washington had "waived his constitutional right to be present during this trial," and instructed the jury that this "fact must not influence you or your eventual verdict in any manner whatsoever . . . . [Y]ou are not to speculate about or draw any inference from Mr. Washington's waiver of his right to be present."

¶ 20. The trial court also properly handled Washington's waiver of his right to be present by allowing Washington's counsel to communicate with him and repeatedly inquiring whether Washington would like to be present. The record supports the court's assessment that Washington was "attempting to purposefully manipulate and frustrate the proceedings to make it impossible to proceed with him either present or not present." Washington was disruptive and his demonstrated aggression convinced the court that forcing Washington to appear during the trial proceedings threatened the safety of those involved. A bound and gagged Washington at the "beginning of the trial" was not statutorily required.[6] As the United States Supreme Court has pronounced:

---

[6] *See Illinois v. Allen*, 397 U.S. 337, 343–44 (1970) (finding at least three constitutionally permissible ways to deal with an "obstreperous" defendant: "(1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly"); *see also State v. Grinder*, 190 Wis. 2d 541, 550, 527 N.W.2d 326 (1995) ("A trial court maintains the discretion to decide whether a defendant should be shackled during a trial as long as the reasons justifying the restraints have been set forth in the record.").

> Our courts, palladiums of liberty as they are, cannot be treated disrespectfully with impunity. Nor can the accused be permitted by his disruptive conduct indefinitely to avoid being tried on the charges brought against him. It would degrade our country and our judicial system to permit our courts to be bullied, insulted, and humiliated and their orderly progress thwarted and obstructed by defendants brought before them charged with crimes.

*Illinois v. Allen*, 397 U.S. 337, 346 (1970).

¶ 21.　We affirm as Washington waived his statutory right to be present at the trial and the court held that right open to Washington throughout the trial proceedings.

*By the Court.*—Judgment and order affirmed.