# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP238-CR |
| COMPLETE TITLE: | State of Wisconsin, <br>      Plaintiff-Respondent, <br>   v. <br> Michael L. Washington, <br>      Defendant-Appellant-Petitioner. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 373 Wis. 2d 214, 890 N.W.2d 592
PDC No:  2017 WI App 6 - Published

| | |
|---|---|
| OPINION FILED: | January 9, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | October 3, 2017 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Racine |
|   JUDGE: | Allan B. Torhorst, David W. Paulson, and Wayne J. Marik |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | GABLEMAN, J. concurs, joined by R.G. BRADLEY, J. and KELLY, J. (opinion filed). |
|   DISSENTED: | |
|   NOT PARTICIPATING: | ABRAHAMSON, J. did not participate. |

ATTORNEYS:

For the defendant-appellant-petitioner there were briefs filed and an oral argument by *Andrew R. Hinkel*, assistant state public defender.

For the plaintiff-respondent there was a brief filed by *Sarah L. Burgundy*, assistant attorney general, and *Brad D. Schimel*, attorney general, and an oral argument by *Sarah L. Burgundy.*

**2018 WI 3**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP238-CR
(L.C. No. 2011CF414)

STATE OF WISCONSIN                    :          IN SUPREME COURT

**State of Wisconsin,**

        **Plaintiff-Respondent,**

    **v.**

**Michael L. Washington,**

        **Defendant-Appellant-Petitioner.**

**FILED**

**JAN 9, 2018**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals.  *Affirmed.*

¶1    ANN  WALSH  BRADLEY,  J.    The  petitioner,  Michael  L.
Washington ("Washington"), seeks review of a published court of
appeals  decision  affirming  his  judgment  of  conviction  and  the
circuit  court's  order  denying  his  postconviction  motion.[1]    He
asserts  that  the  court  of  appeals  erred  in  determining  that,  by

---

    [1] State  v.  Washington,  2017  WI  App  6,  373  Wis.  2d  214,  890
N.W.2d  592  (affirming  the  judgment  and  order  of  circuit  court
for  Racine  County,  Wayne  J.  Marik,  Allan  B.  Torhorst,  and  David
W.  Paulson,  Judges).

his conduct, he waived his statutory right to be present at trial.

¶2 Washington specifically contends that his right to be present at trial pursuant to Wis. Stat. § 971.04(1)(b) (2013-14) was violated.[2] He argues that the court erred in determining that his conduct waived his statutory right to be present given that § 971.04(3) permits waiver only after the trial has begun.[3]

¶3 We conclude that Wis. Stat. § 971.04(3) does not apply here. It does not place any limitation on a defendant's ability to waive the right to be present at any portion of trial.

¶4 We further determine that Washington, by his conduct, waived his Wis. Stat. § 971.04(1) right to be present at trial. Although we reach this determination under the facts presented, we emphasize that the best practice is an on-the-record waiver colloquy.

¶5 Accordingly, we affirm the decision of the court of appeals.

I

¶6 The State charged Washington with burglary and obstructing an officer. He was apprehended near the apartment

---

[2] Wis. Stat. § 971.04(1)(b) provides, in relevant part: "Except as provided in subs. (2) and (3), the defendant shall be present: . . . [a]t trial . . . ."

All subsequent references to the Wisconsin Statutes are to the 2013-14 version unless otherwise indicated.

[3] See infra, ¶¶22 n.7, 29.

where the burglary occurred and was uncooperative with law enforcement.

¶7 Washington's first appointed attorney was allowed to withdraw from the representation due to a breakdown in the attorney-client relationship. Less than a month later, Washington's second appointed attorney filed a motion to withdraw as counsel, citing an attorney-client relationship that was "irreparably broken" and a "fundamental difference of opinion regarding what defenses are appropriate and viable in this case." The circuit court granted the motion to withdraw and a third attorney was appointed to represent Washington.

¶8 Washington's third appointed attorney also moved to withdraw. The circuit court initially granted the motion, but then rescinded its ruling to give effect to Washington's previously filed speedy trial demand.

¶9 On the eve of jury selection, Washington's third appointed attorney again moved to withdraw, citing a broken attorney-client relationship as evidenced by Washington's repeated filing of pro se motions without consulting counsel. The circuit court denied the motion to withdraw, explaining its belief "that this is in a sense an act of manipulation on the part of Mr. Washington[.]"

¶10 The case proceeded to jury selection the following day and a jury was chosen. The next morning, before the jury was sworn, Washington's counsel informed the court that she had learned of some new, possibly exculpatory information. Washington agreed to withdraw his speedy trial demand and the

3

circuit court dismissed the jury. It rescheduled the trial for a date approximately three months later.

¶11 Washington's counsel further advised the court that her relationship with Washington had improved and the two "have been working very well together[.]" She therefore asked "the [c]ourt to not consider [her] motions to withdraw." The circuit court indicated that it was "pleased to hear that the relationship has improved, and that you are now working together very well."

¶12 However, Washington's relationship with his counsel quickly soured again. At the next status hearing, Washington's counsel submitted yet another motion to withdraw. The circuit court expressed concern that "we have a pattern developing where no matter who is appointed to represent you[,] if they don't tell you what you want to hear you're going to not get along with them and you're going to ask them to withdraw. And I can see this going on indefinitely." Consequently, the circuit court denied the motion to withdraw.

¶13 On the day the second scheduled trial was to commence, Washington's counsel informed the circuit court that Washington was again being uncooperative. She explained that "[h]e stated that [she] was not his attorney." The circuit court then turned to address Washington and the following exchange ensued:

> THE COURT: Well, sir, we've been down this road so many times over and over and over.
>
> DEFENDANT: And we can keep going over and over it again.

4

THE COURT: No, we're ——

DEFENDANT: She's not representing me, man.

THE COURT: Sir, the matter is set for trial.

DEFENDANT: I don't know what it's set for, she ain't representing me.

THE COURT: All right, Mr. Washington?

DEFENDANT: I'm telling you she's not representing me, man.

THE COURT: Sir, will you let me speak. The matter is scheduled for a jury trial this afternoon. And it is going to be going forward as a jury trial. We have addressed this issue of who is your ——

DEFENDANT: I said she's not representing me and we ain't going no trial now, I mean that.

THE COURT: Sir, we will go forward with the trial and if necessary you may have to be removed from the courtroom.

DEFENDANT: I'm gone. She's not representing me.

¶14 The circuit court then stated:

[T]he record may reflect that Mr. Washington semi was removed and semi left on his own after the last outburst. So we are out of his presence right now. And the real issue that has come up here is one of manipulation. I think Mr. Washington has been trying to manipulate this case in my opinion for a very long period of time.

In the words of the circuit court, Washington's demeanor was "physically aggressive and threatening."

¶15 Washington was taken back to the jail and refused to return to the courtroom. Outside of Washington's presence, the circuit court discussed with both counsel how it was going to proceed. Citing State v. Divanovic, 200 Wis. 2d 210, 546

5

N.W.2d 501 (Ct. App. 1996), the circuit court ultimately determined that the trial should proceed because the defendant had waived his right to be present.[4] The circuit court suggested that the "proper procedure" indicated that Washington should be "escorted involuntarily to court for trial" and that "[i]f he is uncooperative he should be warned on the record by the court that if his lack of cooperation continues he will be removed from the courtroom."

¶16 However, the circuit court did not follow this course of action. Instead, it determined that "attempting to involuntarily bring Mr. Washington back into court would unduly jeopardize the safety of officers and perhaps even Mr. Washington since his aggressiveness and his attitude suggest that he may be physically resistant to being brought back in and that it could result in an altercation." The circuit court further observed the prejudice that could result to Washington if he were to be brought in against his will in front of the jury.

¶17 Determining that Washington waived his constitutional right to be present, the circuit court concluded that the trial

---

[4] In State v. Divanovic, 200 Wis. 2d 210, 214, 546 N.W.2d 501 (Ct. App. 1996), the defendant refused to participate in proceedings. The record revealed repeated contacts by the defendant's counsel, various court representatives, and the judge urging the defendant to attend the proceedings and warning him that the trial would proceed without him if he refused to attend. Id. at 221. The court of appeals determined that the defendant had waived his constitutional right to be present. Id. at 222.

would go forward in Washington's absence. It observed that "[Washington's] conduct has been so disruptive that there's no way to proceed with the trial with him here." The circuit court emphasized the manipulative history of Washington's conduct and his unwillingness to be present and cooperate or communicate with his attorney.[5] It further explained that Washington would have the opportunity to consult with counsel and return to the courtroom if he could maintain the proper decorum:

> Certainly at any point in time that Mr. Washington is willing to cooperate and behave he has the opportunity to return to this courtroom. Counsel will continue to represent him. Counsel will have reasonable opportunities to confer with him during the course of trial. And he should be periodically advised and we'll figure out how frequently this will be done and in what way it will be done of his right to return to the courtroom if he wishes to do that.

---

[5] In making its determination, the circuit court stated:

I think that given the history first of all we have a series of positions taken by Mr. Washington and various instances of conduct on his behalf that again I don't want to wear out the word, but I can't characterize it as being anything other than manipulative in attempting to prevent this matter from going forward now to the point of refusing to come to court and to participate. And given that history and given his conduct today without there being any real showing that except for his attitude there's been any interference with the attorney/client relationship . . . , but that is due solely to the conduct of Mr. Washington it appears, and his unwillingness to even communicate with much less cooperate with counsel. That he has in fact waived his constitutional rights to be present.

7

The case proceeded to jury selection in Washington's absence, and the selected jurors returned the next day to be sworn and begin the trial.

¶18 As will be more fully detailed below, Washington was offered the opportunity to return to the courtroom five times. See infra, ¶¶41-50. Court personnel or counsel communicated with him twice prior to jury selection and three times during the single-day trial——directly prior to the beginning of trial, during a recess in testimony, and prior to the verdict being read. Each time Washington refused to participate.

¶19 Washington's trial, not including jury selection, lasted five to six hours.[6] The State presented three witnesses and Washington did not present any.

¶20 The jury convicted Washington of both charges. Approximately three months after trial, with Washington present, the circuit court sentenced him to ten years' imprisonment, bifurcated as five years of initial confinement followed by five years of extended supervision.

¶21 Washington filed a motion for postconviction relief. He did not challenge the circuit court's determination that he had knowingly, intelligently, and voluntarily waived his

---

[6] There is a discrepancy in the record regarding the time the jury began its deliberations. According to the court minutes, the jury was excused for deliberations at 1:55 p.m., while the transcript of the trial indicates it was at 2:55 p.m. In either event, Washington's trial occupied only a short period of time.

constitutional right to be present at trial. Rather, he premised his motion on Wis. Stat. § 971.04(3), contending that the trial should not have taken place in his absence unless he was "present at the beginning of trial."[7] The circuit court denied the motion.

¶22 On appeal, Washington renewed this argument. The court of appeals affirmed the circuit court, concluding that "Washington waived his statutory right to be present at the trial and the court held that right open to Washington throughout the trial proceedings." State v. Washington, 2017 WI App 6, ¶21, 373 Wis. 2d 214, 890 N.W.2d 592.

## II

¶23 This case requires the court to interpret and apply Wis. Stat. § 971.04(1) and (3). Statutory interpretation and application present questions of law that this court reviews independently of the determinations rendered by the circuit court and court of appeals. State v. Soto, 2012 WI 93, ¶14, 343 Wis. 2d 43, 817 N.W.2d 848.

---

[7] Wisconsin Stat. § 971.04(3) provides in relevant part:

If the defendant is present at the beginning of the trial and thereafter, during the progress of the trial or before the verdict of the jury has been returned into court, voluntarily absents himself or herself from the presence of the court without leave of the court, the trial or return of verdict of the jury in the case shall not thereby be postponed or delayed, but the trial or submission of said case to the jury for verdict and the return of verdict thereon, if required, shall proceed in all respects as though the defendant were present in court at all times.

¶24 Similarly, whether a defendant's statements and actions in a criminal proceeding constitute a waiver of the statutory right to be present is a question of law. Id. (citing State v. Ward, 2009 WI 60, ¶17, 318 Wis. 2d 301, 767 N.W.2d 236). Again, we review this question independently of the determinations rendered by the circuit court and court of appeals. Id.

III

¶25 To provide context to the questions before us, we examine first the bases of the defendant's right to be present at trial.

¶26 A defendant has both a constitutional and a statutory right to be present at trial and at certain pre-trial proceedings. U.S. Const. amends. VI, XIV; Wis. Const. art. 1, § 7; Wis. Stat. § 971.04; see also State v. Alexander, 2013 WI 70, ¶22, 349 Wis. 2d 327, 833 N.W.2d 126 (citing Leroux v. State, 58 Wis. 2d 671, 689, 207 N.W.2d 589 (1973)).

¶27 The constitutional right to be present arises from the confrontation clause and the Fourteenth Amendment of the United States Constitution and grants the right to be present in the

courtroom at every stage of trial.[8]  State v. Haynes, 118 Wis. 2d 21, 25, 345 N.W.2d 892 (Ct. App. 1984) (citation omitted).  However, a defendant may waive this right by conduct or by express waiver.  Divanovic, 200 Wis. 2d at 220; see also Illinois v. Allen, 397 U.S. 337, 345-46 (1970).  "[W]hen a defendant is voluntarily absent from the trial proceedings, a defendant's failure to assert the right to be present can constitute an adequate waiver and an express waiver on the record is not essential."  Divanovic, 200 Wis. 2d at 220.

¶28  In addition to the constitutional right to be present, Wisconsin law provides a statutory right to be present at certain proceedings.  Pursuant to Wis. Stat. § 971.04(1), a defendant has the right to be present at arraignment, trial, voir dire, and the return of the verdict, among other proceedings.[9]

A

¶29 Washington does not dispute that he waived his constitutional right to be present.  Rather, he focuses on one

---

[8] The confrontation clause of the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]"  U.S. Const. amend. VI.  "[T]he Fourteenth Amendment makes the guarantees of this clause obligatory upon the States."  Illinois v. Allen, 397 U.S. 337, 338 (1970) (citing Pointer v. Texas, 380 U.S. 400 (1965)).  A similar provision is present in the Wisconsin Constitution:  "In all criminal prosecutions the accused shall enjoy the right . . . to meet the witnesses face to face."  Wis. Const. art. 1, § 7.

[9] See infra, ¶38.

11

exception to the general rule of presence that is enumerated by Wis. Stat. § 971.04(3).  It provides in relevant part:

> If the defendant is present at the beginning of the trial and thereafter, during the progress of the trial or before the verdict of the jury has been returned into court, voluntarily absents himself or herself from the presence of the court without leave of the court, the trial or return of verdict of the jury in the case shall not thereby be postponed or delayed, but the trial or submission of said case to the jury for verdict and the return of verdict thereon, if required, shall proceed in all respects as though the defendant were present in court at all times.

¶30 We begin by examining the text of the statute. Previously, we have determined that the phrase "beginning of the trial" in the context of Wis. Stat. § 971.04(3) occurs when the selection of the jury has been completed and the jury has been sworn, in other words, when jeopardy attaches.[10]  State v. Miller, 197 Wis. 2d 518, 521-22, 541 N.W.2d 153 (Ct. App. 1995); see also State v. Koopmans, 210 Wis. 2d 670, ¶13, 563 N.W.2d 528 (1997).

¶31 The statute discusses a defendant voluntarily absenting him or herself without any mention of a requirement

---

[10] We observe that this definition of the "beginning of trial" differs from that utilized in federal court.  "Initially present at trial" in the context of Fed. Rule Crim. Proc. 43(c) refers to the day that jury selection begins.  U.S. v. Benabe, 654 F.3d 753, 771-72 (7th Cir. 2011).  The concurrence seeks to overrule State v. Miller, 197 Wis. 2d 518, 541 N.W.2d 153 (Ct. App. 1995), and to instead interpret the "beginning of trial" for purposes of Wis. Stat. § 971.04(3) consistently with the federal rule.  No party has asked us to do this.  Further, we observe that the language of Wis. Stat. § 971.04(3) differs from that of Fed. Rule Crim. Proc. 43(c).

that the defendant's action be taken knowingly.  It sets forth a way that a defendant can forfeit the right to be present——by leaving after the jury has been sworn.[11]  The text of the statute does not limit a defendant's ability to waive the right to be present and does not purport to set forth the exclusive manner in which a defendant can relinquish the right to be present.

¶32 Washington asserts that he was unlawfully tried in absentia because he was not present when the jury was sworn in violation of Wis. Stat. § 971.04(3).  His argument misses the mark.  Wisconsin Stat. § 971.04(3) was created to attend to the situation in which a defendant absconds, not where an obstreperous defendant seeks to delay and disrupt proceedings through his own actions.

¶33 Additionally, the Judicial Council comments to Wis. Stat. § 971.04(3) state that "Sub. (3) is designed to prevent a defendant from stopping a trial which has commenced by absenting himself."  § 63 note, ch. 255, Laws of 1969; see State ex rel. Kalal v. Cir. Ct. for Dane Cty., 2004 WI 58, ¶51, 271 Wis. 2d 633, 681 N.W.2d 110 ("legislative history is sometimes

---

[11] Forfeiture is the "failure to make the timely assertion of a right."  State v. Ndina, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612.  Waiver, on the other hand, occurs when there is an affirmative "intentional relinquishment or abandonment of a known right or privilege."  State v. Haynes, 118 Wis. 2d 21, 25, 345 N.W.2d 892 (Ct. App. 1984) (citation omitted).  "In contrast to forfeiture, waiver typically applies to those rights so important to the administration of a fair trial that mere inaction on the part of a litigant is not sufficient to demonstrate that the party intended to forgo the right."  Soto, 343 Wis. 2d 43, ¶37 (citing Ndina, 315 Wis. 2d 653, ¶31).

consulted to confirm or verify a plain-meaning interpretation"). The statute was aimed at a defendant the court cannot locate. It is not aimed at a defendant who is easily located in the jail but steadfastly refuses to participate in any proceedings. A contrary interpretation would allow a defendant to be as disorderly as they pleased, and as long as the unruly conduct took place prior to the jury being sworn, there could be no consequence.

¶34 Washington seeks support for his contention that the circuit court violated his statutory right to be present in State v. Dwyer, 181 Wis. 2d 826, 512 N.W.2d 233 (Ct. App. 1994) and Koopmans, 210 Wis. 2d 670. In Dwyer, the defendant did not return to court after a recess while jury selection was ongoing. 181 Wis. 2d at 832. Dwyer was tried and convicted in absentia. Id. The court of appeals granted Dwyer a new trial, concluding that, because Dwyer was not present at the beginning of the trial, the circuit court violated Wis. Stat. § 971.04(3). Id. at 836-37.

¶35 In Koopmans, the defendant did not appear for two separate sentencing hearings, and there was evidence she had absconded to Belize. Koopmans, 210 Wis. 2d 670, ¶4. The circuit court concluded that Koopmans was voluntarily absent and sentenced her in absentia. Id. This court determined that although the circuit court may have "proceeded carefully and reasonably in attempting to resolve the situation[,]" Wis. Stat. § 971.04(1) is mandatory and requires a defendant's presence at sentencing. Id., ¶15.

14

¶36 Washington argues that Dwyer and Koopmans cut in his favor because like Washington, the defendants in both cases clearly chose not to be in court. However, Dwyer and Koopmans are forfeiture, not waiver cases. Although couched in terms of waiver,[12] both of these cases present situations where the defendant did not make, on the record, any affirmative intentional relinquishment of the right to be present. Unlike Washington, who conveyed personal, on-the-record comments, the defendants in both Dwyer and Koopmans simply absconded. Rather than decline repeated offers to participate in proceedings, they merely practiced avoidance, which is exactly the situation Wis. Stat. § 971.04(3) addresses. See supra, ¶¶32-35.

B

¶37 Having determined that Wis. Stat. § 971.04(3) does not apply, we turn now to examine whether Washington waived his § 971.04(1) right to be present.

¶38 Wisconsin Stat. § 971.04(1) provides a defendant with the right to be present at certain proceedings. It states:

(1) Except as provided in subs. (2) and (3), the defendant shall be present:

(a) At the arraignment;

(b) At trial;

---

[12] This court has acknowledged that "cases sometimes use the words 'forfeiture' and 'waiver' interchangeably." State v. Ndina, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612. However, "the two words embody very different legal concepts." Id.

15

(c) During voir dire of the trial jury;

(d) At any evidentiary hearing;

(e) At any view by the jury;

(f) When the jury returns its verdict;

(g) At the pronouncement of judgment and the imposition of sentence;

(h) At any other proceeding when ordered by the court.

¶39 Similar to the constitutional right to be present, a defendant may waive his or her statutory right to be present at certain proceedings enumerated in Wis. Stat. § 971.04(1). See Soto, 343 Wis. 2d 43, ¶40. Waiver can be either express or by conduct. See id., ¶45.

¶40 "Although a formal colloquy is often employed to show waiver, it is not the only way in which waiver may be shown." Id.,; see also, State v. Denson, 2011 WI 70, ¶66, 335 Wis. 2d 681, 799 N.W.2d 831. Determining whether there is waiver by conduct presents a fact intensive inquiry.

¶41 Turning to the facts of this case, the record demonstrates that Washington, by his conduct, waived his Wis. Stat. § 971.04(1) right to be present at trial. Washington repeatedly refused to participate in proceedings after being offered the opportunity numerous times.

¶42 After Washington "semi was removed and semi left on his own[,]" the circuit court indicated that it would periodically, over the course of the proceedings, "make inquiries as to whether he wishes to come back to the

16

courtroom[.]" He would also be given "reasonable opportunities" to confer with counsel during the course of trial. The circuit court followed through with this course of action.

¶43 Following Washington's last outburst and before jury selection, Washington was twice asked if he wanted to participate. First, the bailiff called the jail. The bailiff reported that "the officer upstairs asked Mr. Washington if he would like to come down and participate in his jury trial. Mr. Washington said no. No further comment."

¶44 Subsequently, Washington's counsel was "escorted up to the jail to be given the opportunity to confer with Mr. Washington if he is willing to come out of his cell[.]" After conferring with Washington, counsel reported back that "[h]e informed me he is not participating. I did explain to him the [c]ourt's ruling. He said he is not coming down to participate."

¶45 In response to Washington's reaffirmation of his refusal to participate, the circuit court crafted a jury instruction, indicating that Washington was not present, he had waived his constitutional right to be present, and "his absence must not influence [the jury's] verdict in any manner whatsoever." The circuit court read this instruction to the jury prior to voir dire, and reiterated during questioning of jurors that Washington's absence should have no effect on the jury's deliberations.

¶46 The next morning, the circuit court initiated proceedings by stating: "For the record I was advised earlier

17

this morning that when Mr. Washington was contacted by a corrections officer or deputy to inquire as to whether he would be coming down and willing to come down for trial today he indicated that he would not." Again, the circuit court gave Washington's counsel "the opportunity to go up to the jail to attempt to have contact with Mr. Washington and to discuss the matter with him." Washington's counsel reported that she "spoke with him and he informed [her] that he does not want to come down."

¶47 During a recess in testimony, counsel yet again met with Washington, and Washington again refused to participate. Counsel reported: "I did speak with Mr. Washington. He does not want to come down. He does not want to participate in the trial. I explained to him that we are approaching the point where he would have a constitutional right to testify on his own behalf. He stated he did not want to do that."

¶48 The circuit court responded: "All right, once again contact has been made with Mr. Washington. He's been given the opportunity to consult with his attorney and . . . been given the opportunity to appear here in court if he wishes to. Based upon his continuing attitude and conduct the [c]ourt finds that he continues to waive his constitutional right to be present."

¶49 After the close of testimony, the circuit court again instructed the jury that Washington's waiver of the right to be present "must not be considered by you in any way and it must not influence your verdict in any manner. You are not to

18

speculate about or draw any inferences from Mr. Washington's waiver of his right to be present."[13]

¶50 Washington was given one more opportunity to be present——for the reading of the verdict. The circuit court explained that "[p]rior to bringing the jury into the courtroom we have had a court officer contact jail personnel to inquire of Mr. Washington as to whether he would now come out of his cell and come down for purposes of receiving the verdict." Washington again refused to participate, indicating "very emphatically to personnel which was heard over the telephone by someone from this courtroom that he is not, does not wish to come down[.]".

¶51 Given this sequence of events and the repeated opportunities the circuit court afforded to Washington to participate in the trial, we conclude that Washington knowingly and voluntarily waived his statutory right to be present at trial. He knew he had the right to be present——counsel apprised him of that right on several occasions. Further, his relinquishment of the right was voluntary——he refused numerous invitations to participate over the course of the relatively short single day of trial. These circumstances demonstrate that Washington waived, rather than forfeited, the right to be present.

---

[13] Like the court of appeals, we commend the circuit court for taking numerous steps to ensure that the jury was not prejudiced by Washington's absence. See State v. Washington, 2017 WI App 6, ¶19, 373 Wis. 2d 214, 890 N.W.2d 592.

IV

¶52 Although we do not find Washington's arguments persuasive, we once again emphasize that the best practice is to engage the defendant in a colloquy. A formal colloquy is by far the best practice to ensure that a defendant is knowingly, intelligently, and voluntarily waiving a right. State v. Klessig, 211 Wis. 2d 194, 206, 564 N.W.2d 716 (1997) (determining that a colloquy "is the clearest and most efficient means of insuring that the defendant has validly waived his right to the assistance of counsel, and of preserving and documenting that valid waiver for purposes of appeal and postconviction motions").

¶53 "[A] properly conducted colloquy serves the dual purposes of ensuring that a defendant is not deprived of his constitutional rights and of efficiently guarding our scarce judicial resources." Id. Indeed, a colloquy is required in some cases. See State v. Anderson, 2002 WI 7, ¶24, 249 Wis. 2d 586, 638 N.W.2d 301 (explaining that a colloquy is required to prove a valid waiver of the right to a jury trial); Klessig, 211 Wis. 2d at 206 (mandating the use of a colloquy in every case where a defendant seeks to waive the right to counsel and proceed pro se).

¶54 Consequently, in response to questions at oral argument regarding whether Washington should have been returned to the courtroom for a colloquy or if a court reporter should have been dispatched to his jail cell to record a colloquy, the

20

State recognized that a colloquy is always preferable and the best practice.

¶55 The State further acknowledged the obvious efficiency and savings of court resources——had the circuit court engaged in such a colloquy, this case likely would not be before this court.[14] At oral argument, in response to a question from this court, the State's counsel asserted, with regard to best practices:

> That's just a matter of . . . when I'm standing before this court and you're asking me where on the record is there a knowing, intelligent waiver, I wouldn't be here if there was, or none of us would be here, if there was . . . .

¶56 Under the circumstances of this case, we cannot fault the circuit court for failing to engage in a personal colloquy. Here, the circuit court's actions were sufficient and a colloquy was not required.

¶57 The circuit court, on the record, described Washington's manipulative history and disruptive behaviors. It explained that his demeanor was "physically aggressive and threatening." The court surmised that returning Washington to court for a colloquy may have placed court personnel, as well as Washington himself, in danger. See State v. Vaughn, 2012 WI App

---

[14] We observed in State v. Denson, as we do here, that an on-the-record colloquy is the "better practice." 2011 WI 70, ¶67, 335 Wis. 2d 681, 799 N.W.2d 831. Similarly, we recognized in Denson that "had the circuit court engaged Denson in an on-the-record colloquy regarding his right not to testify, this case likely would not be before us." Id.

129, ¶26, 344 Wis. 2d 764, 823 N.W.2d 543 ("we will not impose on the circuit courts a rule that not only would be pyrrhic in the sense that if an obstreperous defendant is dragged into court and still does not cooperate, dragging that defendant into court accomplishes nothing, but would also endanger everyone including the defendant").

¶58 In conclusion, we determine that Wis. Stat. § 971.04(3) does not apply here because it does not place any limitation on a defendant's ability to waive the right to be present at any portion of trial. We further determine that Washington, by his conduct, waived his § 971.04(1) right to be present at trial.

¶59 Accordingly, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

¶60 SHIRLEY S. ABRAHAMSON, J., withdrew from participation.

¶61 MICHAEL J. GABLEMAN, J. *(concurring).* I agree with the mandate of the majority, and join the majority's reasoning; that is, I agree that a defendant may waive his right to trial at any time, as Washington did through his conduct.[1] However, I would go further and hold that Washington forfeited his right to be present at trial. I would reach this conclusion by adopting the definition of "at the beginning of trial," Wis. Stat. § 971.04(3), as "the day jury selection begins." This is how federal courts define "initially present at trial." See Federal Rule of Criminal Procedure 43(c)(1) (reciting the federal analogue to § 971.04(3)).[2]

¶62 Currently, Wisconsin defines "at the beginning of trial" as "when . . . the jury is sworn." State v. Miller, 197 Wis. 2d 518, 521-22, 541 N.W.2d 153 (Ct. App. 1995). The Miller court reached its conclusion through a syllogism. Id. It noted that in State v. Gonzalez, "a jury trial commences with the administration of the jury's oath." Id. at 521 (quoting State v. Gonzalez, 172 Wis. 2d 576, 580, 493 N.W.2d 410 (Ct. App. 1992)) (emphasis added). The Miller court then reasoned that because the "beginning of trial" is when the trial "commences,"

---

[1] Accordingly, I join the majority opinion except footnote ten.

[2] The majority puts significant stock in "beginning of trial" and "initially present at trial" being different words. Majority Op., ¶30 n.10. The fact that Wis. Stat. § 971.04(3) and Federal Rule of Criminal Procedure 43(c)(1) do not use identical language is a distinction without a difference as one cannot be "initially present at trial" unless the "beginning of trial" has occurred.

1

id. (emphasis added), the "beginning of trial" is "when the jury is sworn." Id. at 521-22.[3]

¶63 Conversely, federal courts define "initially present at trial" as "the day that jury selection begins." United States v. Benabe, 654 F.3d 753, 771-72 (7th Cir. 2011); accord United States v. Bradford, 237 F.3d 1306, 1309 (11th Cir. 2001) ("[E]very other circuit to address the issue . . . [has] held that a trial commences under Rule 43 when jury selection begins.").[4]

¶64 The right to be present at trial was considered so sacrosanct at common law that for many years it could not be lost in felony cases—whether by waiver or forfeiture.[5] Crosby v.

---

[3] The court also noted that jeopardy attaches when the jury is sworn. Id. at 522 (citing Wis. Stat. § 972.07(2)).

[4] The Eleventh Circuit Court of Appeals has since made clear that the phrase "when jury selection begins" it used in United States v. Bradford, 237 F.3d 1306, 1309 (11th Cir. 2001) is substantively identical to the phrase "the day jury selection begins" used by the Seventh Circuit Court of Appeals in United States v. Benabe, 654 F.3d 753, 771-72 (7th Cir. 2011). United States v. Sterling, 738 F.3d 228, 236 (11th Cir. 2013) ("Reading Bradford . . . together with the persuasive reasoning of Benabe, we conclude that trial commences no later than on the day of jury selection, without respect to whether the defendant is present at the time prospective jurors enter the courtroom.").

[5] "Although cases sometimes use the words 'forfeiture' and 'waiver' interchangeably, the words embody very different legal concepts. 'Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.'" State v. Ndina, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612 (quoted source omitted). Because the majority adequately analyzes a defendant's ability to waive his right to be present at trial, I focus on the issue of forfeiture.

2

United States, 506 U.S. 255, 259 (1993) (citing W. Mikell, Clark's Criminal Procedure 492 (2d ed. 1918)). Courts began recognizing a defendants' forfeiture[6] of that right due to efficiency concerns. Diaz v. United States, 223 U.S. 442, 457 (1912) ("It does not seem to us to be consonant with the dictates of common sense that an accused person, being at large upon bail, should be at liberty, whenever he pleased, to withdraw himself from the courts of his country and to break up a trial already commenced.") (quoting Falk v. United States, 15 App. D.C. 446, 454 (1899)). Rule 43(c)(1) codified this holding. See Crosby, 506 U.S. at 259-60. Wisconsin similarly seeks to balance the right of one accused of criminal conduct to be present at trial with efficiency concerns. State v. Dickson, 53 Wis. 2d 532, 545-46, 193 N.W.2d 17 (1972) (construing prior version of Wis. Stat. § 971.04).

¶65 Defendants may forfeit their right to be present after, but not before, trial begins because "the costs of suspending a proceeding already under way will be greater than the cost of postponing a trial not yet begun." Crosby, 506 U.S. at 261. See also Illinois v. Allen, 397 U.S. 337, 349 (1970) (Brennan, J., concurring) ("there can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from

---

[6] Though the federal courts use the term "waiver," a plain reading shows they use waiver to encompass both waiver and forfeiture. See, e.g., Falk v. United States, 15 App. D.C. 446, 460 (1899).

going forward").[7] The balance between the rights of a defendant and judicial efficiency are better met by the federal rule than by the <u>Miller</u> holding. Under <u>Miller</u>, a jury panel could be assembled, brought into the courtroom, and put through voir dire, yet be rendered unnecessary if the defendant chooses to absent himself before the jury is sworn. <u>State v. Koompans</u>, 210 Wis. 2d 670, 679, 563 N.W.2d 528 (1997).

¶66 This result is as absurd as it is wasteful. Like the First and Seventh Circuit Courts of Appeal, I find that "the concept that a defendant could go through trial proceedings to the point of selecting the entire jury and then, perhaps because he was dissatisfied with the complement thereof, freely depart, does not appeal to" me. <u>Benabe</u>, 654 F.3d at 772 (quoting <u>United States v. Miller</u>, 463 F.2d 600, 603 (1st Cir. 1972)). The reality is "[m]odern American courts simply do not have the luxury of time to indulge the obstructionist tactics of these defendants. Budgets, calendars, and administrative capacities are already too strained." <u>Benabe</u>, 654 F.3d at 770.

¶67 The time has come to overrule <u>State v. Miller</u>, 197 Wis. 2d 518, 521-22, 541 N.W.2d 153 (Ct. App. 1995), and interpret Wis. Stat. § 971.04(3) consistent with Federal Rule of Criminal Procedure 43(c)(1). In addition to furthering our general policy of interpreting state provisions consistent with their federal counterparts, this also presents the most logical balance between honoring the rights of those charged with

---

[7] This language was quoted approvingly in <u>Taylor v. United States</u>, 414 U.S. 17, 20 (1973) (per curiam).

criminal conduct while at the same time acting as prudent stewards of the public fisc.   For the foregoing reasons, I respectfully concur.

¶68  I am authorized to state that Justices REBECCA GRASSL BRADLEY and DANIEL KELLY join this concurrence.