COURT OF APPEALS
DECISION
DATED AND FILED

April 15, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2029-CR**

Cir. Ct. No. 2020CF196

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

JEFFREY M. MCCULLOCH,

  DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Ashland County: JOHN P. ANDERSON, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jeffrey M. McCulloch appeals a judgment of conviction for one count of incest with a child by a stepparent. *See* WIS. STAT.

§ 948.06(1m) (2023-24).[1]  McCulloch also appeals an order denying his postconviction motion for plea withdrawal.  McCulloch argues that he is entitled to withdraw his no-contest plea because he did not validly waive his statutory right to be present in person for his plea hearing.  We reject this argument and affirm.

## BACKGROUND

¶2      The State charged McCulloch with two counts of incest with a child by a stepparent.  The charges were based on allegations that McCulloch had sexual contact or intercourse with the victim in Ashland County on two occasions.  A second case involving similar charges pertaining to the same victim was filed in Dunn County.  The Dunn County case was tried to a jury, which found McCulloch guilty on all counts.

¶3      Following the jury's verdicts in the Dunn County case, a final pretrial was scheduled in the instant case for March 1, 2022.  Arrangements were made for McCulloch to attend the final pretrial by Zoom videoconferencing. Before March 1, however, the parties reached a plea agreement, which provided that McCulloch would enter a guilty or no-contest plea to one of the incest charges, and the other charge would be dismissed and read in for purposes of sentencing.  As a result, the March 1 final pretrial became a plea hearing.

¶4      Due to technical difficulties, McCulloch did not appear by videoconferencing at the plea hearing.  Instead, he appeared by telephone from the Dunn County Jail.    Both the prosecutor and McCulloch's attorney,

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

Matthew Krische, appeared at the plea hearing by videoconferencing. The circuit court also appeared at the plea hearing remotely, although it is not entirely clear from the record whether the court appeared by video or by audio only.

¶5 At the beginning of the plea hearing, after McCulloch's attorney placed the terms of the plea agreement on the record, the circuit court engaged in the following discussion with McCulloch regarding his participation in the hearing by audio:

> THE COURT: Now, Mr. McCulloch, are you okay with doing a plea today with only audio?
>
> MR. MCCULLOCH: Yes.
>
> THE COURT: Now, if there's at any time during these proceedings where you need to speak with your attorney in private, or you want to speak with your attorney in private, you just have to let me know that, and you can interrupt me if you need to, and I will give you an opportunity to have a private conversation, all right?
>
> MR. MCCULLOCH: Okay, Judge.
>
> THE COURT: And if there's at any time where your audio might have a problem, or you can't hear, do whatever you can to try and notify me or your attorney that you're having difficulty hearing, okay?
>
> MR. MCCULLOCH: Okay, Judge.

¶6 The circuit court then conducted a plea colloquy with McCulloch, supplemented by a signed plea questionnaire and waiver of rights form, which McCulloch had previously completed. Following the colloquy, the court accepted McCulloch's no-contest plea to one of the incest counts, and the remaining count was dismissed and read in. The court later sentenced McCulloch to ten years' initial confinement followed by five years' extended supervision, consecutive to McCulloch's sentences in the Dunn County case.

¶7 McCulloch filed a postconviction motion for plea withdrawal. In the motion, McCulloch alleged that he did not validly waive his statutory right under WIS. STAT. § 971.04(1)(g) to be physically present at his plea hearing in the same courtroom as the presiding judge. More specifically, McCulloch argued that the circuit court's colloquy with him during the plea hearing regarding his appearance by phone did not meet the requirements set forth in *State v. Soto*, 2012 WI 93, 343 Wis. 2d 43, 817 N.W.2d 848. McCulloch further alleged that he "did not know or understand that he had the right to appear in person for his plea hearing."

¶8 The circuit court determined that McCulloch had made a prima facie case for plea withdrawal by showing that the court's colloquy with McCulloch regarding his telephonic appearance at the plea hearing was "lacking." The court therefore held an evidentiary hearing, at which the burden shifted to the State to prove, by clear and convincing evidence, that McCulloch did, in fact, knowingly, intelligently, and voluntarily waive his right to be present in person at his plea hearing. *See State v. Anderson*, 2017 WI App 17, ¶55, 374 Wis. 2d 372, 896 N.W.2d 364.

¶9 Both McCulloch and Attorney Krische testified at the postconviction evidentiary hearing. The circuit court found Attorney Krische's testimony to be more credible than McCulloch's testimony. Based on Attorney Krische's testimony, the court concluded that McCulloch "had full knowledge that he had every right to be" present in person at the plea hearing and, accordingly, that McCulloch validly waived that right. The court therefore denied McCulloch's postconviction motion, and McCulloch now appeals.

**DISCUSSION**

¶10    On appeal, it is undisputed that McCulloch had a statutory right to be present in the same courtroom as the presiding judge during his plea hearing. *See* WIS. STAT. § 971.04(1)(g); *Soto*, 343 Wis. 2d 43, ¶27. That statutory right, however, may be waived. *See Soto*, 343 Wis. 2d 43, ¶44. Our supreme court has explained that

> [w]hen videoconferencing is proposed for a plea hearing at which it is anticipated that judgment will be pronounced, the judge should enter into a colloquy with the defendant that explores the effectiveness of the videoconferencing then being employed. In that regard, the judge shall ascertain whether the defendant and his attorney, if represented by counsel, are able to see, speak to and hear the judge and that the judge can see, speak to and hear the defendant and counsel. The judge shall also ascertain, either by personal colloquy or by some other means, whether the defendant knowingly, intelligently, and voluntarily consents to the use of videoconferencing. In so doing, questions should be asked to suggest to the defendant that he has the option of refusing to employ videoconferencing for a plea hearing at which judgment will be pronounced.

*Id.*, ¶46.

¶11    Here, the circuit court concluded—and the State does not dispute—that the court's colloquy with McCulloch regarding his right to be present in person at the plea hearing failed to comply with the requirements set forth in

5

*Soto*.[2]  If a defendant makes a prima facie showing that the circuit court's colloquy regarding the right to be present at a plea hearing was inadequate, and if the defendant alleges that he or she did not understand that right, the burden shifts to the State "to prove by clear and convincing evidence that the defendant did, in fact, knowingly, voluntarily, and intelligently waive his or her right to be present." *Anderson*, 374 Wis. 2d 372, ¶53.  To meet its burden, the State must show that the defendant already knew and understood the information that should have been provided during the waiver colloquy—that is, that the defendant knew and understood that he or she had a right to be present in person at the plea hearing.  *See id.*, ¶¶52-53.

¶12    In assessing whether the State has met its burden, we will accept the circuit court's factual findings—including the court's credibility findings—unless they are clearly erroneous.  *See State v. Hoppe*, 2009 WI 41, ¶45, 317 Wis. 2d 161, 765 N.W.2d 794; *State v. Carter*, 2010 WI 40, ¶19, 324 Wis. 2d 640, 782 N.W.2d 695.  However, the ultimate issue of whether a defendant validly waived his or her right to be present in person at a plea hearing is a question of law that we review independently.  *See Soto*, 343 Wis. 2d 43, ¶14.

---

[2] *State v. Soto*, 2012 WI 93, 343 Wis. 2d 43, 817 N.W.2d 848, involved a situation where the defendant appeared at his plea hearing by videoconferencing.  Here, McCulloch ultimately appeared at his plea hearing by phone.  However, this distinction is immaterial, for purposes of our resolution of this appeal.  McCulloch argued in his postconviction motion that the circuit court's waiver colloquy failed to meet the requirements set forth in *Soto*, and the circuit court agreed.  On appeal, the State does not dispute that the waiver colloquy was inadequate.  We therefore proceed to the second step of the waiver analysis, as set forth in *State v. Anderson*, 2017 WI App 17, ¶53, 374 Wis. 2d 372, 896 N.W.2d 364, and consider whether the State met its burden to show that McCulloch did, in fact, knowingly, voluntarily, and intelligently waive his right to be present at his plea hearing.

¶13 At the evidentiary hearing on McCulloch's postconviction motion, Attorney Krische testified that he met with McCulloch before the plea hearing and told McCulloch that McCulloch had the right to appear in person at the plea hearing, "or he could appear by phone or video if we wanted to do it sooner." According to Attorney Krische, McCulloch responded that he "was all right with appearing by video," and McCulloch never "express[ed] any different opinion in that regard" at any later point. Attorney Krische further testified that during the plea hearing, McCulloch "indicate[d] that he was okay with" appearing by telephone, and after the plea hearing, McCulloch never expressed any concerns about his telephonic appearance.

¶14 Attorney Krische also testified that he had been practicing criminal defense law for over a decade and that his standard practice with a client who may be appearing remotely is to advise that client of his or her right to appear in person. Consistent with that standard practice, Attorney Krische testified that he would have told McCulloch that "he had the right to appear in person, which would involve a transport to Ashland County, or he had the ability to appear by video, by Zoom." Attorney Krische further testified that he believed McCulloch "understood that he had the right to appear in person" at his plea hearing. Attorney Krische also testified that his notes from a meeting with McCulloch prior to the plea hearing confirmed that he informed McCulloch of his right to appear in person and that McCulloch was "all right appearing by video."

¶15 During his direct examination at the postconviction evidentiary hearing, McCulloch testified that at the time of the plea hearing, he expected to appear by video. When he learned that he would instead be appearing by audio only, he "didn't know that [he] could ask to be present" in person because he "thought it was too late." McCulloch also testified that even when he thought he

would be appearing at the plea hearing by Zoom, he "didn't understand" that he "could be physically present."

¶16 On cross-examination, McCulloch testified that he did not remember Attorney Krische telling him that he had a right to appear in person at his plea hearing. He conceded, however, that Attorney Krische "[p]ossibly" could have informed him of that right. He simply could not remember whether Attorney Krische did so.

¶17 The circuit court found Attorney Krische's testimony to be more credible than McCulloch's. The court noted that Attorney Krische's testimony "was pretty clear" that he informed McCulloch of his right to be present at the plea hearing and that McCulloch "knew and understood" that right. In contrast, McCulloch had merely testified that he did not remember Attorney Krische informing him of his right to be present, which the court stated is "different than saying he absolutely did not tell me at all and I didn't know." Based on Attorney Krische's testimony, the court determined that McCulloch "knew quite well that he had every right to" be present in person for the plea hearing and validly waived that right.

¶18 The circuit court's finding that Attorney Krische's testimony was more credible than McCulloch's testimony is not clearly erroneous. *See Carter*, 324 Wis. 2d 640, ¶19. Given Attorney Krische's testimony, the court properly concluded that the State had met its burden to show a valid waiver of McCulloch's right to be present in person at the plea hearing.

¶19 McCulloch nevertheless argues that the circuit court erred because Attorney Krische's testimony that McCulloch "said he was all right with appearing by video" "leaves open the possibility" that McCulloch "did not

actually understand that he could demand to be present in person." This argument fails because it ignores Attorney Krische's other testimony that: (1) Attorney Krische told McCulloch that McCulloch had a right to appear in person at the plea hearing; and (2) Attorney Krische believed that McCulloch understood that right. This testimony, which the circuit court credited, forecloses any possibility that McCulloch did not understand that he had a right to appear in person at the plea hearing.

¶20    McCulloch next claims that even if Attorney Krische "sufficiently advised him of his right to be present in person prior to the plea hearing," McCulloch did not understand that right at the time of the plea hearing because "technical difficulties meant that he appeared by audio only, contrary to his expectation that he would be appearing by video." McCulloch, however, does not explain why conducting the plea hearing by audio, as opposed to video, negated his preexisting understanding that he had a right to appear at the hearing in person. Moreover, during the plea hearing, the circuit court informed McCulloch that he was welcome to speak privately with Attorney Krische at any point and that he should inform the court or Attorney Krische if he had any difficulties hearing the proceedings. McCulloch did not express any concerns or confusion about appearing by audio; instead, he told the court that he was "okay" with doing so. Under these circumstances, we reject McCulloch's assertion that his appearance at the plea hearing by audio, rather than video, shows that he did not validly waive his right to appear in person.

¶21    Finally, McCulloch notes that in addition to the findings set forth above, the circuit court also "relied on the fact that McCulloch appeared in person at his sentencing hearing to support the inference that McCulloch knew he could be present … at his plea hearing." McCulloch asserts that the State cannot "meet

its burden" to show a valid waiver of the right to appear in person "by assuming that appearing [in person] at a later sentencing hearing means that McCulloch knew that he could have appeared [in person] earlier at the plea hearing."

¶22 Assuming without deciding that the circuit court erroneously relied on McCulloch's in-person appearance at the sentencing hearing when assessing the validity of McCulloch's waiver of his right to be present at the plea hearing, we nevertheless conclude that the State met its burden to prove a valid waiver of that right. Again, Attorney Krische expressly testified that he informed McCulloch of his right to be present in person at the plea hearing and that he believed McCulloch understood that right. Attorney Krische also testified that his notes from a meeting with McCulloch prior to the plea hearing confirmed that he informed McCulloch of his right to appear in person and that McCulloch was "all right appearing by video."

¶23 The circuit court found Attorney Krische's testimony in that regard more credible than McCulloch's contrary testimony. As noted above, that credibility finding is not clearly erroneous. In light of Attorney Krische's testimony, the State met its burden to show that McCulloch understood his right to be present at the plea hearing and validly waived that right, even absent any consideration of McCulloch's subsequent in-person appearance at his sentencing hearing. As such, the court properly denied McCulloch's postconviction motion for plea withdrawal.[3]

---

[3] On appeal, the State also argues that even if McCulloch did not validly waive his right to be present at the plea hearing, "the alleged error was harmless." Because we conclude that McCulloch's waiver was valid, we need not address the State's harmless error argument. *See* *Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (explaining that this court need not address all issues raised by the parties if one is dispositive).

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.